**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:19-cv-00083-MOC
(CRIMINAL CASE NO. 3:17-cr-00264-MOC-DSC-1)**

| | |
|---|---|
| **B.T. WRIGHT,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's Pro Se Motion to Vacate Sentence under 28 U.S.C. § 2255. [CV Doc. 1].[1]

**I.    BACKGROUND**

On September 14, 2017, Petitioner B.T. Wright ("Petitioner") was charged in a Bill of Information with one count of conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) (Count One); one count of aiding and abetting Hobbs Act robbery in violation of 18 U.S.C. §§ 1951 and 2 (Count Two); one count of Hobbs Act robbery in violation in 18 U.S.C. § 1951 (Count Three); and one count of brandishing a firearm in furtherance of a crime of violence, that is, the Hobbs Act robbery charged in Count Three, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii) (Count Four). [CR Doc. 1: Bill of Information].

Petitioner agreed to plead guilty to all four counts and admitted to being, in fact, guilty of those counts. [CR Doc. 3: Revised Plea Agreement]. Petitioner pleaded guilty in accordance with

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00083-MOC, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:17-cr-00264-MOC-1.

his plea agreement. [CR Doc. 8: Entry and Acceptance of Guilty Plea]. During his Rule 11 hearing, Petitioner attested that he was of clear mind and that he understood that he was there to plead guilty. [Id., at ¶ 7]. Petitioner also testified that he fully understood the charges against him, the maximum and minimum penalties, if any, and that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines may apply to his case. [Id. at ¶¶ 9, 13]. Finally, Petitioner testified that he was, in fact, guilty of the counts in the Indictment and that he was satisfied with the services of his attorney. [Id. at ¶¶ 24, 35].

Petitioner's sentencing hearing was held on February 13, 2018. Before Petitioner was sentenced, a probation officer prepared a Presentence Investigation Report (PSR). [CR Doc. 16: PSR]. In the PSR, the probation officer noted that "defendant expressed remorse at his conduct in this offense and states that his fiancé was pregnant and could not work and he felt as though he needed to do something to help his family." [Id. at ¶ 68]. The probation officer also noted that there were no circumstances warranting departure from the prescribed sentencing guidelines. [Id. at ¶ 95]. Petitioner filed no objections to the PSR. Petitioner was sentenced to a term of imprisonment of 78 months for each of Counts One, Two, and Three, to be served concurrently, and a term of imprisonment of 84 months on Count Four, to be served consecutively to the terms imposed on Counts One, Two, and Three, for a total term of imprisonment of 162 months. [CR Doc. 22 at 2: Judgment]. Judgment on this conviction was entered on February 26, 2018. [Id.]. Petitioner did not directly appeal his conviction.

On February 19, 2019, Petitioner filed the pending pro se motion to vacate sentence under 28 U.S.C. § 2255, arguing that his conviction under 18 U.S.C. § 924(c) "violates Due Process in this case because the [use of force] definition is unconstitutionally vague," citing Sessions v. Dimaya, 138 S. Ct. 1204 (2018), and United States v. Simms, 914 F.3d 229 (4th Cir. 2019). [CV

Doc. 1 at 4, 5]. Petitioner claims his motion is timely because the motion is based on "a new reasoning by the Supreme Court" and the "statute of limitations [was] tolled in light of Dimaya and Simms." [CV Doc. 1 at 11]. In his memorandum in support of his motion, Petitioner provides:

> Section (f)(3) of 2255 allows a convicted prisoner the oppertunity [*sic*] to move for relief within one year of the time the Supreme Court recognizes a right to relief if that right is made retroactive to cases on collateral review. Based on this allowance, [Petitioner] bases this motion on the Supreme Court's Johnson v. United States, 192 L. Ed. 2d 569 (2015)) decision where the Court ruled that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague.
>
> Based on the reasoning set forth in Johnson, [Petitioner] will demonstrate that (1) his Hobbs Act conviction could only qualify as crimes of violence for 924 (c) purposes under the residual clause of that statue [*sic*]; and (2) that the residual clause of § 924 (c), like the one struck down in Johnson, violates the Constitution's prohibition against vague criminal statutes.

[CV Doc. 1 at 1-2]. In his memorandum, Petitioner also states, "[Petitioner] requests that the court consider the 18 U.S.C. 1951 conviction in light of … 5k2.13 USSG which was not raised at [Petitioner's] sentencing."[2] [Id. at 2]. After conducting an initial review of Petitioner's § 2255 motion to vacate, the Court ordered the Government to respond. [CV Doc. 2]. Then, upon the request of the Government, this matter was stayed pending the Supreme Court's decision in United States v. Davis, No. 18-431. [CV Doc. 3]. The Supreme Court decided Davis on June 24, 2019. Thereafter, the Government timely responded to Petitioner's motion to vacate. [CV Doc. 4]. In its response, the Government to did not address Petitioner's reference to U.S.S.G. § 5K2.13. [See id.]. Petitioner then moved the Court "to suspend the proceeding to allow [Petitioner] to further develop the § 5K2.13 claim," noting that "AEDPA [would] prevent [Petitioner] from filing a second § 2255 motion in the future." [CV Doc. 5]. The Court allowed Petitioner an additional 21

---
[2] There is no other mention of U.S.S.G. § 5K2.13, which relates to downward departure based on diminished capacity, in Petitioner's motion to vacate or in his supporting memorandum. [See Docs. 1, 1-1].

3

days to reply to the Government's response to his motion to vacate but made "no implication regarding the existence or merit of Petitioner's § 5K2.13 claim." [CV Doc. 6 at 1-2]. Petitioner timely replied, arguing, for the first time, that his counsel was ineffective for failing to request a competency hearing to address Petitioner's mental health because "Defense Counsel was required to present to the Court all relevant § 3553(a) factors for a Court to weigh to determine a sentence 'sufficient, but not greater than necessary.'" [CV Doc. 7 at 10 (citation omitted)].

This matter is now ripe for disposition.

## II. STANDARD OF REVIEW

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the motion to vacate can be resolved without an evidentiary hearing based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

### A. Section 924(c)

Under 28 U.S.C. § 2255, a petitioner is entitled to relief when his original sentence "was imposed in violation of the Constitution or laws of the United States, or [when] the court was without jurisdiction to impose such sentence." 28 U.S.C. § 2255(a). The Petitioner claims he is entitled to relief on these grounds because, under Johnson, his conviction on Count Four was imposed in violation of the Constitution and laws of the United States. [CV Doc. 1 at 4, Doc. 1-1 at 1-3].

> [Petitioner] contends that Hobbs Act robberies cannot constitute a
> 924(c) crime of violence under 924(c)(3)(A) [the elements clause]

> in light of Supreme Court and Circuit case law. Instead, Hobbs Act robberies can only constitute a 924(c) crime[ ] of violence based on 924(c)(3)(B) [the residual clause]. [Petitioner] further contends that the residual clause of 924(c) is unconstitutionally vague in violation of the Fifth Amendment and therefore, his 924(c)(1)(A) convictions must be vacated.

[CV Doc. 1-1 at 5].

In Johnson, the Supreme Court struck down the Armed Career Criminal Act's (ACCA) residual clause, 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague and held that enhancing a sentence under the ACCA's residual clause violates due process. Johnson, 135 S. Ct. at 2563. The ACCA residual clause defined a "violent felony" to include any crime punishable by a term of imprisonment exceeding one year that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). Accordingly, under Johnson, a defendant who was sentenced to a statutory mandatory minimum term of imprisonment based on a prior conviction that satisfies only the residual clause of the "violent felony" definition is entitled to relief from his sentence. Johnson applies retroactively to claims asserted on collateral review. Welch v. United States, 136 S. Ct. 1257, 1265 (2016).

Petitioner was sentenced after Johnson. Petitioner, however, did not directly appeal his conviction or sentence. Because Petitioner can show neither "cause" for nor "prejudice" from this procedural default, or that he is "actually innocent," Petitioner's motion under Section 2255 is procedurally defaulted. See Bousley v. Untied States, 118 S. Ct. 1604, 1611 (1998). Even if Petitioner's claim could be resolved on the merits, it would fail.

Here, the Petitioner argues his § 924(c) conviction is invalid under Johnson. [CV Doc. 1 at 1-2, 9-15]. Section 924(c) criminalizes the use of a firearm in furtherance of a "crime of violence." Under § 924(c), a crime is one of violence if it either "has an element the use, attempted use, or threatened use of physical force against the person or property of another," (the "force

5

clause") or "by its nature involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense" (the "residual clause"). 18 U.S.C. § 924(c)(3)(B).

In <u>United States v. Davis</u>, 139 S. Ct. 2319 (2019), the Supreme Court specifically held that the residual clause of § 924(c)'s definition of "crime of violence" is "unconstitutionally vague." 139 S. Ct. at 2336. As such, if Petitioner's motion were not procedurally barred, Petitioner's conviction on Count Four would be valid only if Hobbs Act robbery qualifies as a "crime of violence" under § 924(c)'s force clause. The Fourth Circuit squarely addressed this issue in <u>United States v. Mathis</u>, 932 F.3d 242 (4th Cir. 2019), concluding that "Hobbs Act robbery constitutes a crime of violence under the force clause of Section 924(c)." 932 F.3d at 266. As such, because Hobbs Act robbery is a "crime of violence," in any event, Petitioner's conviction under 18 U.S.C. § 924(c) is valid.

### B. U.S.S.G. § 5K2.13

United States Sentencing Guideline § 5K2.13, which is a policy statement on diminished capacity, provides, in part, as follows:

> A downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. Similarly, if a departure is warranted under this policy statement, the extent of the departure should reflect the extent to which the reduced mental capacity contributed to the commission of the offense.

U.S.S.G. § 5K2.13. As noted, Petitioner baldly references this provision in his memorandum, stating "5k2.13 USSG [ ] was not raised at [Petitioner's] sentencing." [CV Doc. 1-1 at 2]. This guideline provision is mentioned nowhere in Petitioner's motion to vacate. In his reply, Petitioner claims, for the first time, that his counsel was ineffective for failing to request a competency

hearing to "address[ ] mental health concerns." [CV Doc. 7 at 10]. Petitioner claims to have "had severe mental health problems dating all the way back to his youth." [Id.]. Petitioner presents no evidence that any such mental illness had anything to do with the counts of conviction.

First, Petitioner's claim of ineffective assistance of counsel is untimely. The amendment of § 2255 pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. See United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). Rule 15(a) provides that a party may amend his pleading once as a matter of course within 21 days of service, or within 21 days after service of a responsive pleading. Fed. R. Civ. P. 15(a)(1)(A) and (B). Otherwise, a party seeking leave to amend must obtain leave of court. Fed. R. Civ. P. 15(a)(2). Under Rule 15(a), leave should be freely given when justice requires. Id.

"When proposed claims in an amendment are barred by the statute of limitations, Rule 15(c) provides for the relation back of amendments to the original pleading under certain circumstances." Pittman, 209 F.3d at 317. "Relation back is permitted when 'the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set out [-or attempted to be set out -] in the original pleading.'" Id. (quoting Fed. R. Civ. P. 15(c)(2)). In the context of a habeas motion, "conduct, transaction, or occurrence" does *not* mean the same "trial, conviction, or sentence," such that any claim that relates to the prior conviction or sentence challenged in the habeas motion is considered timely, no matter how long after the original motion is filed. Mayle v. Felix, 545 U.S. 644, 664, (2005). Rather, a proposed amendment relates back to the date of the original motion if it "state[s] claims that are tied to a common core of operative facts." Id. On the other hand, new claims to do not relate back to an original claim where they arise "from separate occurrences of 'both time and type.'" Pittman, 209 F.3d at 318 (quoting United States v. Craycraft, 167 F.3d 451, 456-57 (8th Cir. 1999)).

Petitioner's original § 2255 petition in that case was timely filed. Plaintiff's attempt at adding a claim of ineffective assistance of counsel in his reply, which for the sake of argument, the Court will consider as a motion to amend, was filed more than one year after Petitioner's judgment became final. See 28 U.S.C. § 2255(f). Because Petitioner did not fairly raise, in any respect, the issue of his counsel ineffectiveness relative to § 5K2.13 or otherwise, Petitioner's proposed additional claim did not arise out of the conduct, transaction, occurrence set out, or that Petitioner attempted to set out, in the original timely § 2255 motion. Therefore, this argument fails.

Second, even if the issue were not procedurally barred, it is completely without merit. The Sixth Amendment to the U.S. Constitution guarantees that in all criminal prosecutions, the accused has the right to the assistance of counsel for his defense. See U.S. CONST. amend. VI. To show ineffective assistance of counsel, Petitioner must first establish a deficient performance by counsel and, second, that the deficient performance prejudiced him. See Strickland v. Washington, 466 U.S. 668, 687-88 (1984). In making this determination, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also United States v. Luck, 611 F.3d 183, 186 (4th Cir. 2010). Furthermore, in considering the prejudice prong of the analysis, the Court "can only grant relief under . . . Strickland if the 'result of the proceeding was fundamentally unfair or unreliable.'" Sexton v. French, 163 F.3d 874, 882 (4th Cir. 1998) (quoting Lockhart v. Fretwell, 506 U.S. 364, 369 (1993)). Under these circumstances, the petitioner "bears the burden of affirmatively proving prejudice." Bowie v. Branker, 512 F.3d 112, 120 (4th Cir. 2008). If the petitioner fails to meet this burden, a "reviewing court need not even consider the performance prong." United States v. Rhynes, 196 F.3d 207, 232 (4th Cir. 1999), opinion vacated on other grounds, 218 F.3d 310 (4th Cir. 2000).

To establish prejudice in the context of a guilty plea, a petitioner must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Meyer v. Branker, 506 F.3d 358, 369 (4th Cir. 2007) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)). In evaluating such a claim, statements made by a defendant under oath at the plea hearing carry a "strong presumption of verity" and present a "formidable barrier" to subsequent collateral attacks. Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). Indeed, "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should dismiss … any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." United States v. Lemaster, 403 F.3d 216, 221-22 (4th Cir. 2005).

Here, as noted above, during Petitioner's Rule 11 hearing, Petitioner attested that he was of clear mind; that he understood that he was there to plead guilty; that he fully understood the charges against him; the maximum and minimum penalties, if any; that he had spoken with his attorney regarding how the U.S. Sentencing Guidelines may apply to his case; that he was, in fact, guilty of the counts in the Indictment; and that he was satisfied with the services of his attorney. [Id. at ¶¶ 7, 9, 13, 24, 35]. In the PSR, the probation officer noted that "defendant expressed remorse at his conduct in this offense and states that his fiancé was pregnant and could not work and he felt as though he needed to do something to help his family." [Id. at ¶ 68]. The probation officer also noted that there were no circumstances warranting departure from the prescribed sentencing guidelines. [Id. at ¶ 95]. Petitioner filed no objections to the PSR. Again, Petitioner did not file a direct appeal and Petitioner has presented nothing to suggest the outcome would have been any different had his attorney requested a competency hearing, only the that "any hearings would have been post-poned [*sic*]." [CV Doc. 7 at 10].

Because Petitioner has not shown deficient performance or prejudice, this claim of ineffective assistance of counsel would fail on the merits, even if not barred.

The Court will, therefore, deny Petitioner's motion to vacate.

## IV. CONCLUSION

In sum, for the reasons stated herein, the Court will deny and dismiss Petitioner's motion to vacate under § 2255.

**IT IS, THEREFORE, ORDERED** that:

(1) Petitioner's § 2255 Motion to Vacate, Set Aside, or Correct Sentence [Doc. 1] is **DENIED** and **DISMISSED**.

(2) **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: April 8, 2020



Max O. Cogburn Jr.
United States District Judge